IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PATRICK LORNE FARRELL,

    Plaintiff,
v.                                      CASE NO. 1:18-cv-128-MW-GRJ

ALACHUA COUNTY
COMMISSIONERS, et al.,

    Defendants.

_____/

## AMENDED REPORT AND RECOMMENDATION

Pending before the Court are ECF No. 1, Plaintiff's civil complaint ("Complaint"), and ECF No. 8, Plaintiff's Notice of More Definite Statement, Claims, Counts and Causes of Action ("Notice"). Plaintiff, proceeding *pro se*, initiated this case by filing his Complaint against the Alachua County Board of Commissioners, Lee Pinkonson, Chairman, and Michelle Lieberman, County Manager. ECF No. 1.

The undersigned recommended on July 12, 2018, that the court dismiss the case for failure to state a claim. ECF No. 6. Plaintiff then filed his Notice on July 17, 2018. ECF No. 8. Because the Notice includes additional facts and claims against Defendants and because it is unclear

whether Petitioner intended the Notice to serve as an amended complaint, the undersigned—in an abundance of caution and liberally construing Plaintiff's *pro se* filings—addresses both the Complaint and Notice below.

In Plaintiff's Complaint, Plaintiff alleges that he has presented multiple ideas to Defendants from March to May 2018 regarding "the federal WIOA policy, Alachua Co. Zero Waste policy, [and] President Trump's Executive Order in April [to] get citizens off welfare and back to work." According to Plaintiff, these ideas involve cleaning and painting a waste facility as well as renewing roofs in certain neighborhoods. Plaintiff says that his ideas would produce $50 million in profit and allow him to make at least $1 million. But Defendants have rejected his ideas. ECF No. 1 at 9–16.

Plaintiff alleges that Defendants' conduct violates the Tenth, Fourteenth, and Fifteenth Amendments of the Constitution. As relief, Plaintiff requests $50,000 for his waste facility idea and $1,000,000 for his roof renew idea. *Id.* at 4, 7.

Then, in Plaintiff's Notice he reiterates those allegations against the same Defendants but adds additional details regarding his ideas. ECF No. 8. For example, he says, "All my ideas save money and serves taxpayers

while defendants interpretation of waste management is to manage the wasteful spending of tax dollars by putting nearly a million dollars on the floor and ignoring my expert process of converting debt into Equity, while defendants convert equity to debt, and pass that debt unto the citizens, defendants falsely claim to serve." ECF No. 8 at 2. He also says that "Defendants violated my rights of intelligence executed and serve roofers like republican Keith Perry who can profit at the expense of the uninformed public to their financial demise." *Id.*

Additionally, in the Notice Plaintiff adds two additional claims against Defendants. First, Plaintiff says Defendants discriminated against him by ignoring his ideas because he is a "Baptized, Confirmed Catholic and a Christian and a Vedantist." *Id.* at 6. Second, Plaintiff says Defendants discriminated against him because he is a "Democrat and a 'yankee' from Michigan." *Id.* at 7.

Moreover, and unrelated to any of Plaintiff's previous claims, he also states, "Plaintiff being falsely accused of child abuse has had his reputation ruined due to defendants inherent religious and politic bias, where they unlawfully profit at Plaintiff's expense [$20,000 false criminal charges for the court and clerk's benefit by CRIS = Court Registry

Investment System] and the theft of the title to my $283,000 house in Cape Coral by the victimization of their Fraud." *Id.* at 8. As relief for the alleged religious and political unconstitutional bias against Plaintiff, he "demands damages in the amount of $25 million." *Id.*[1]

After reviewing Plaintiff's Complaint and Notice the Court concludes that the Complaint and Notice should be dismissed because even liberally construed Plaintiff fails to state a claim upon which relief may be granted. More specifically, Plaintiff's claims fail because he has failed to allege sufficient facts to show that Defendants violated his constitutional rights, or any other rights.

With regard to Plaintiff's claims against the Alachua County Board of Commissioners and the individual Defendants in their official capacity,[2] "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or

---

[1] In the Notice Plaintiff also includes a number of antisemitic references to Jews, which the Court will not dignify by repeating them. These types of antisemitic remarks have nothing to do with this case and are not appropriate, under any circumstances, in a federal lawsuit. Ordinarily the Court would strike these superfluous and scandalous allegations from the Notice. The Court does not need to do so, however, because Plaintiff's entire complaint as supplemented by the allegations in the notice is subject to dismissal as frivolous and without any arguable legal basis.

[2] "[S]uits against municipal offers are therefore, in actuality, suits directly against the city that the officer represents." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005) (emphasis added) (citations omitted).

policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004). But a "county does not incur § 1983 liability for injuries caused solely by its employees. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation." *Id.*

Plaintiff's claims against Defendants fail because he has not provided any factual allegations demonstrating that Defendants violated his constitutional rights—a requirement to state a claim against these Defendants.

To start, the Tenth Amendment provides, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. But in his Complaint Plaintiff does not provide any reference to state's powers, powers not delegated to the United States, or any other powers whatsoever. The Tenth Amendment has nothing to do with Plaintiff's complaints that the Alachua County Commission did not accept or utilize his "ideas" for saving money.

The Fourteenth Amendment provides in part, "No State shall make or

enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protections of the laws." U.S. Const. amend. XIV, § 1. But in his Complaint and Notice Plaintiff does not mention any state law that Defendants violated, any deprivation of life, liberty, or property without due process, or the denial of equal protections of the laws. The Fourteenth Amendment, like the Tenth Amendment has nothing whatsoever to do with Plaintiff's disagreement that the Alachua County Commission did not utilize his waste facility idea or his renew roof idea.

The Fifteenth Amendment provides, "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1. But again in his Complaint Plaintiff does not allege any facts remotely connected to voting or the denial of his right to vote based on race or any other reason. In short, none of these constitutional amendments have anything to do with Plaintiff's factual allegations.

Lastly, Plaintiff has failed to allege sufficient facts to show that

Defendants discriminated against him based on his religion, his political beliefs, or any other reason. Plaintiff did not submit a proposal or contract to the Alachua County Commission but rather according to his allegations he simply offered his ideas to the Alachua County Commission.  While the Court acknowledges that public participation in local government is laudable, the fact remains that Plaintiff has no federal or constitutional right to have the County accept his ideas or suggestion so it makes no difference why Defendants refused to implement his ideas.[3]

Although the Court must liberally construe Plaintiff's Complaint and Notice due to his *pro se* status, there are no factual allegations in Plaintiff's Complaint or Notice that could be liberally construed to give rise to a violation of any constitutional right or for that matter any other right. Instead, Plaintiff's claim that he presented ideas to the Alachua County Board of Commissioners and none of his ideas were adopted, allegedly because of his religious and political views, fails to give rise to any claim.

---

[3] To the extent Plaintiff claims that Defendants were in some way responsible for false criminal charges against Plaintiff or the "theft" of the title of his house in Cape Coral, Florida , he has failed to provide any facts to show that the named Defendants were in any way involved in such conduct. Further, because these allegations are wholly unrelated to the other allegations in his Complaint, the Court declines to discuss their shortcomings at length.

*Case No: 1:18-cv-128-MW-GRJ*

While input from citizens like Plaintiff regarding county governance issues are commendable Plaintiff has no right—constitutional or otherwise—to have his ideas accepted and implemented by county officials. For these reasons, Plaintiff has failed to a state a claim upon which relief may be granted.

Further, to the extent that Plaintiff seeks to sue the individual Defendants in their individual capacity, Plaintiff's Complaint would fail for the same reason.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Because Plaintiff has failed to show that he was deprived of a federal right (or any other right) Plaintiff has not stated a claim against any Defendant in his individual capacity.

While *pro se* plaintiffs are generally provided an opportunity to amend their complaints, because Plaintiff's factual allegations do not—and cannot—support a claim that Defendants violated any of Plaintiff's federal statutory or constitutional rights, the Court concludes that any additional amendment to his complaint would be futile. Plaintiff's case should

therefore be dismissed.

It is respectfully **RECOMMENDED** that this case should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 18th day of July 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**